**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTEN YOUNG-FITCH,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

Defendant - Appellee.

No. 13-36066

D.C. No. 1:12-cv-00740-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 4, 2015
Portland, Oregon

Before: KOZINSKI, FISHER, and WATFORD, Circuit Judges.

**1.** The Administrative Law Judge (ALJ) provided specific, clear and

convincing reasons supported by substantial evidence for disbelieving Kristen

Young-Fitch's testimony concerning her symptoms and limitations. *See Batson v.*

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196–97 (9th Cir. 2004). In

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

particular, the ALJ noted that objective medical records and evidence of Young-Fitch's drug-seeking behavior undermined the credibility of her claims as to the intensity and frequency of her migraines and other physical ailments. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 598–600 (9th Cir. 1999). Young-Fitch's credibility was further undermined by reports from two examining physicians who indicated that Young-Fitch was distractible from her alleged pain. The ALJ therefore did not err in declining to factor into the residual functional capacity (RFC) assessment all of the limitations that Young-Fitch claimed affected her ability to work.

**2.** The ALJ provided clear and convincing reasons for rejecting examining psychologist Dr. Michael O'Connell's opinion regarding the effect that Young-Fitch's mental impairments would have on her ability to work. *See Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). The ALJ found that (1) Dr. O'Connell based his opinion primarily on Young-Fitch's subjective complaints, which the ALJ found not fully credible; (2) most of Young-Fitch's objective mental status tests were within average limits; and (3) any symptoms Young-Fitch experienced did not limit her daily living activities. Substantial evidence supports each of these findings. Substantial evidence also supports the ALJ's finding that Young-Fitch's mental impairments presented only "mild" functional limitations.

**3.** The ALJ did not err by denying Young-Fitch's request to supplement the record with a mental RFC assessment. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Reed v. Massanari*, 270 F.3d 838, 842–43 (9th Cir. 2001). The ALJ properly concluded that any further inquiry into Dr. O'Connell's assessment of Young-Fitch's mental impairments was unnecessary due to the dearth of objective support for his opinion.

**4.** The ALJ did not err in giving little weight to treating physician Dr. Roma Sprung's opinion that Young-Fitch could not stand or walk for more than 20 minutes, lift 10 pounds, or work an 8-hour day. The ALJ relied in part on nonexamining neurologist Dr. William DeBolt's testimony that Young-Fitch's lifting, walking, and standing limitations were self-imposed and that Dr. Sprung's opinion lacked objective support. The ALJ did not rely solely on Dr. DeBolt's testimony, but instead offered additional reasons, supported by substantial evidence, for rejecting Dr. Sprung's assessment of Young-Fitch's physical functional capacity. The ALJ noted that medical records from 2010 document Young-Fitch's general improvement and that Dr. Sprung's own notes indicate that Young-Fitch overused her medication and exhibited drug-seeking behavior. The ALJ's determination that Young-Fitch was not fully credible provided a further

basis for rejecting the portions of Dr. Sprung's report that simply summarized Young-Fitch's subjective complaints.

5. The ALJ properly found that Young-Fitch retains the ability to perform jobs that exist in substantial numbers in the national economy. A vocational expert testified that an individual of Young-Fitch's age and education with the RFC to perform light exertional work with no extended exposure to excessive noise, vibration, or respiratory irritants could work as a bar attendant, marking clerk, bench hand, suture winder, or type copy examiner. The ALJ did not err by omitting from the hypothetical any limitations related to the frequency of Young-Fitch's migraines or her claimed allergy to florescent light, given the ALJ's determination that her complaints were not fully credible. Because the ALJ gave little weight to Dr. O'Connell's and Dr. Sprung's opinions, the hypothetical permissibly omitted the mental and physical limitations reflected in their reports, which were otherwise unsupported by the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**